IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

_____

CHELLSEY LOWERY,

    Plaintiff,

v.                                              Case No. 3:20cv175-MPM-JMV

ADDICTION CAMPUSES OF                   **Jury Demanded**
MISSISSIPPI, LLC d/b/a Turning Point,

    Defendant.

_____

## COMPLAINT
_____

    Plaintiff Chellsey Lowery, through her attorneys, brings this action against her former employer, Defendant Addiction Campuses of Mississippi, LLC d/b/a Turning Point, for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

### I. JURISDICTION

    1.     This Court has jurisdiction to hear Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 1343(4). Plaintiff timely filed charges with the Equal Employment Opportunity Commission. Plaintiff has received her Notice of Right to Sue and filed her Complaint within the prescribed statutory period.

### II. PARTIES

    2.     Plaintiff Chellsey Lowery is a female resident of Southaven, Mississippi and Licensed Practical Nurse (LPN).

3. Defendant Addiction Campuses of Mississippi, LLC d/b/a Turning Point ("Turning Point") operates addiction treatment centers across the country, with its principal office located at 205 Reidhurst Ave., Nashville, TN 37203. Defendant owns and operates the Turning Point treatment center, which is located at 340 Stateline Road West, Southaven, Mississippi.

### III. STATEMENT OF FACTS

4. Ms. Lowery began working as an LPN at Defendant's Turning Point campus in January 2019.

5. In June 2019, Steven Tookes was promoted to position of Director of Nursing and was Ms. Lowery's direct supervisor.

6. Shortly after becoming Ms. Lowery's supervisor, Mr. Tookes began making sexual comments to Ms. Lowery. On one occasion, he asked her if she was wearing underwear and questioned her about whether she slept naked.

7. Despite Mr. Tookes' attempts to engage in sexually charged conversations with Ms. Lowery, she refused.

8. As a result of Ms. Lowery's refusal to engage in these sexually inappropriate conversations with Mr. Tookes, he began retaliating against her by manipulating her schedule so that she was scheduled to work on days she requested off and writing Ms. Lowery up for allegedly missing work.

9. On or around July 23, 2019, Ms. Lowery reported Mr. Tookes' sexual harassment and retaliatory actions to Lori Minor, CEO of Turning Point. Defendant did not investigate or take any action to address the sexual harassment or retaliation.

10. In July and August, three female nurses, all of whom reported to Mr. Tookes, reported and complained about sexual harassment to Defendant. Following the complaints,

Defendant did not investigate any allegations of sexual harassment involving Ms. Lowery or any other nurse.

11. On or around October 24, 2019, Ms. Lowery met with Kim Cooper, HR and reported Mr. Tookes' sexual comments, sexual harassment and retaliatory conduct.

12. After Ms. Lowery's meeting with Ms. Cooper, Defendant continued to target and bully Ms. Lowery by disciplining and counseling her for alleged performance issues and alleged unexcused absences.

13. On December 20, 2019, Ms. Lowery contacted Donna Payne, Lorna Hicks, Nadian Zak and Stacy Dodd, and stated that she felt targeted and picked on because she complained about Mr. Tookes. Defendant did not address Ms. Lowery's concerns or investigate her complaint about being targeted or picked on.

14. Instead, Defendant continued to target Ms. Lowery. For example, on February 15, 2020, Ms. Lowery reported to Stacy Dodd, Director of Nursing, that she needed to take a sick day due to illness. Mr. Dodd indicated that she had three unexcused absences on her record—January 27, February 8 and February 20—despite the fact that January 27 and February 8 had been preapproved and February 20 could not have been missed yet.

15. Defendant's actions created an environment so intolerable that Ms. Lowery was constructively discharged on February 26, 2020.

**CAUSES OF ACTION**

16. Plaintiff incorporates the foregoing paragraphs above as though specifically set forth herein, and alleges that:

17. Defendant's actions constitute gender discrimination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.;

18. As a direct and proximate result of Defendant's unlawful conduct toward Plaintiff, Plaintiff has lost wages and benefits and has sustained other pecuniary loss.

19. Plaintiff, as a result of Defendant's actions, has suffered damage to her professional career and professional reputation, as well as to her personal reputation.

20. Defendant's discriminatory actions have been demeaning to Plaintiff and have caused her to suffer pain, humiliation, and embarrassment, as well as emotional distress; and

21. Defendant's unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the statutory rights of Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the following relief be granted following a jury verdict in her favor:

1. Back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2. Front pay and the value of future lost benefits since reinstatement is not feasible;

3. Compensatory damages against Defendant in an amount to be determined by the trier-of-fact;

4. Punitive damages in an amount to be determined by the trier-of-fact;

5. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees allowed under actions brought pursuant to Title VII of the Civil Rights Act of 1964; and,

6. Such further relief as is deemed just and proper.

Respectfully submitted,

/s/William B. Ryan
William B. Ryan – MS Bar #99667
Donald A. Donati – TN Bar # 8633
    *(pro hac vice appliction to be filed)*
Janelle C. Osowski – TN Bar #31359
    *(pro hac vice application to be filed)*
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
billy@donatilaw.com

ATTORNEY FOR PLAINTIFF